IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-565-RAH |
| | ) [WO] |
| KINSALE INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's *Motion to Remand*. (Doc. 12) The motion has been fully briefed and is ripe for review. After careful consideration, the motion is due to be DENIED.

**BACKGROUND**

Plaintiff Steven Clay previously sued Defendant The Yu Bar & Grill (Yu Bar) in the Circuit Court of Montgomery County, Alabama for injuries suffered during an altercation with security staff employed by Yu Bar. Yu Bar's liability insurance carrier, Kinsale Insurance Company (Kinsale), refused to defend Yu Bar in that action. A consent judgment later was entered in favor of Clay and against Yu Bar for the sum of $750,000. (Doc. 1-2.)

On August 25, 2023, Clay commenced this action against Yu Bar and Kinsale under Ala. Code § 27-23-2, the statute allowing a judgment creditor to proceed against a tortfeasor's liability insurance carrier for satisfaction of a judgment. Kinsale removed the case to this Court under 28 U.S.C. §§ 1332 and 1441(b) and requested in its removal petition that Yu Bar be realigned as a plaintiff since Yu

1

Bar's interest and Clay's interest—payment of the judgment by Kinsale—were similar.

On October 24, 2023, Clay filed a motion to remand this case to state court. Clay opposes realignment, arguing that his complaint "seeks to bring this direct action against The Yu Bar & Grill, Inc., and defendant's insurer Kinsale Insurance Company for the judgment amount." (Doc. 12 at ¶ 11, quoting doc. 1-2 at p. 4.) In its opposition, Kinsale again asserts that the interests of Yu Bar and Clay are common and aligned, that realignment is appropriate, and that the Court has subject matter jurisdiction over this action. Yu Bar does not oppose Clay's motion to remand.

## DISCUSSION

Federal courts are courts of limited jurisdiction and "because removal raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted). Even so, cases that originally could have been filed in federal court may invoke this court's jurisdiction through removal from a state court proceeding. *E.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

For removal to be proper, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000. Here, the parties do not dispute that the amount in controversy is satisfied, as there was a $750,000 judgment entered by the state court against Yu Bar that Clay seeks to have satisfied by Kinsale. (Doc. 1-2.) Thus, subject matter jurisdiction turns on whether there is complete diversity of citizenship between the parties.

The current alignment of the parties pits an Alabama-based plaintiff (Clay) against two Defendants, one from Alabama (Yu Bar) and one from Arkansas and

Virginia (Kinsale). If this alignment controls, complete diversity does not exist. Kinsale argues that this alignment does not control and that the Court should realign the parties consistent with their interests, and if the Court does so here, then complete diversity exists.

Federal courts are required to realign parties to reflect their interest in the litigation. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (2010). "[I]t is the 'duty . . . of the lower federal courts[] to look beyond the pleadings and arrange the parties according to their sides in the dispute,' as determined by 'the principal purpose of the suit' and 'the primary and controlling matter in dispute.'" *Id.* at 1313–14 (citations omitted). When the interests of the parties are the same, the parties with the same interest must be aligned together. Indeed, the Eleventh Circuit has reversed a lower court's failure to realign parties, "even where the parties' interests were in opposition outside of the issues raised in the subject action." *Id.* at 1314.

Kinsale relies on *City of Vestavia Hills* in arguing that Yu Bar should be realigned and treated as a plaintiff because Yu Bar's interest merged with Clay's interest in having Kinsale satisfy the judgment. The Court agrees that *City of Vestavia Hills* controls the outcome in the parties' current dispute.

In *City of Vestavia Hills*, the city won a state-court judgment against a real estate developer. The developer's insurance company refused to pay the judgment. Like this case, the city then brought a separate action against the developer and insurer in state court pursuant to Ala. Code § 27-23-2. The insurer removed the case to federal court, where the Northern District of Alabama realigned the city and developer as plaintiffs because of their common interest in forcing the insurer to provide coverage and pay the judgment. Absent realignment, the case would have been remanded.

In affirming the district court's decision to realign the parties and retain

3

jurisdiction, the Eleventh Circuit noted that "in determining subject matter jurisdiction on the basis of diversity, 'the normal alignment of parties in seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party.'" *Vestavia Hills,* 676 F.3d at 1314 (quoting *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998)). And even though the city had sued the developer along with the insurer, the city did not seek any relief from the developer since the underlying claims already had been resolved by entry of a money judgment. *Id.* In that posture, "[t]here no longer is any dispute between Vestavia Hills and [the developer], and the only thing that that [the developer] could want out of this case is for Vestavia Hills to win. Obviously, the two parties' interests are identical or at least materially so." *Id.*

Other Alabama district courts have similarly determined that judgment-debtor insureds named as nominal defendants in actions brought by judgment creditors under Ala. Code § 27-23-2 should be realigned and jurisdiction retained. *See, e.g., Chappell v. Texas Steakhouse of Ala., Inc.*, No 16-cv-140-MHT-GMB, 2016 WL 3456936 (M.D. Ala. May 26, 2016), *report and recommendation adopted*, No. 2:16cv410-MHT, 2016 WL 3406244 (M.D. Ala. June 16, 2016); *Robinson v. Hudson Specialty Ins. Grp.*, No. 13-114-KD-M, 2013 WL 2452701 (S.D. Ala. June 5, 2013); *Porter v. Crumpton & Assocs., LLC*, 862 F. Supp. 2d 1303 (M.D. Ala. 2012); *Cahaba Valley Health Servs., Inc. v. Great Am. All. Ins. Co.*, No. 7:19-cv-1026-RDP, No. 7:19-cv-1213-RDP, 2019 WL 4572875 (N.D. Ala. Sept. 20, 2019).

And the same argument that Clay raises here in support of remand—that he does not have a common interest with Yu Bar and he seeks to collect payment from both defendants in his complaint—has been rejected by federal courts in Alabama. *See Gabriel v. Life Options Int'l, Inc.*, No. 14-358-CG-B, 2015 WL 1967498, at *9 (S.D. Ala. Apr. 30, 2015) (rejecting the argument that the judgment creditor wanted to collect money from the insured and the insurer because the "primary issue" is

4

"whether [the insurer] has a duty to defend and indemnify [the insured]"); *Cromwell v. Admiral Ins. Co.*, No. 11-155-CG-N, 2011 WL 2670098, at *6 (S.D. Ala. June 21, 2011) ("[I]t is clear that [the insured]'s principal interest in this suit is having [the insurer] pay as large a portion of the judgment as possible . . . . No other substantive issue has been demonstrated to be involved in this action."), *report and recommendation adopted*, No. 11-155-CG-N, 2011 WL 2689356 (S.D. Ala. July 7, 2011).

Here, it is clear the primary issue is Clay's goal of garnishing the Kinsale insurance policy in satisfaction of the state court judgment against Yu Bar. It is equally clear that Yu Bar's interests are aligned with Clay in accomplishing that endeavor. Accordingly, Yu Bar should be realigned as a plaintiff in this matter alongside Clay, thereby creating complete diversity in this proceeding.[1]

## CONCLUSION

For the reasons stated herein, it is ORDERED as follows:

(1) Plaintiffs' *Motion to Remand* (Doc. 12) is **DENIED**.

(2) The Clerk of the Court is **DIRECTED** to realign Defendant The Yu Bar and Grill as a plaintiff in this proceeding.

DONE, on this the 1st day of April 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] If Clay truly intended to seek payment of the judgment directly from Yu Bar, Clay certainly has a procedure to do so in the same state court action that resulted in the judgment. *See, e.g.*, Rule 69, Ala. R. Civ. P. A review of the online state court file reveals that Clay has undertaken no such efforts. This further supports Kinsale's position that Clay's purpose and intent in this action is to proceed against Kinsale under the insurance policy.