IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:23-cv-00565-RAH |
| ) | [WO] |
| KINSALE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Kinsale Insurance Company's *Amended Motion for Leave to Amend Its Answer and Affirmative Defenses* (doc. 71) filed on February 21, 2025. The motion is fully briefed and ripe for decision. The Court denies the motion.

### Background

This is a direct action brought by Plaintiff Steven Clay under Alabama Code § 27-23-2 against Kinsale Insurance Company to obtain indemnity/benefits under a commercial liability insurance policy issued by Kinsale to The Yu Bar and Grill, Inc. ("Yu Bar"). Clay previously sued Yu Bar in the Circuit Court of Montgomery County, Alabama on February 18, 2021, after Clay was injured when Yu Bar security moved through the bar to address an altercation of some sort between patrons at another place in the bar. (*See* doc. 12-1 at 1–2.) Clay was not involved in the altercation but instead was a patron and innocent bystander.

Yu Bar tendered the defense of the Complaint to Kinsale, but Kinsale denied a defense and indemnification to Yu Bar based on an assault and battery exclusion contained in the Kinsale insurance policy. In that underlying case, Clay

subsequently filed an Amended Complaint on August 23, 2021 (*see* doc. 16-2) and a Second Amended Complaint on January 10, 2023 (*see* doc. 47-1) against Yu Bar. Kinsale claims the Amended Complaint was tendered to Kinsale for a defense and indemnification (*see* doc. 71 at 1), but the Second Amended Complaint was not (*id.* at 2), nor was it ever mentioned during Kinsale's email exchange with Yu Bar's counsel when Kinsale sought confirmation from Yu Bar that the Amended Complaint was the most recent complaint, (doc. 71-2 at 2–3). Kinsale's current motion concerns the Second Amended Complaint in the underlying case, and the Court's resolution of that motion turns largely on the timeline of events.

The Second Amended Complaint was filed on January 10, 2023. The Consent Judgment (doc. 12-2) was entered by the state circuit court on July 13, 2023, and made no express reference to any of the complaints filed in the state court action.

Clay filed this direct action against Kinsale on August 25, 2023. (*See* doc. 1-2 at 3.) Kinsale then removed the case to this Court and filed its *Answer and Affirmative Defenses* (doc. 11) on October 5, 2023. In its Answer, Kinsale raised various affirmative defenses and invoked the "terms, conditions, exclusions, definitions, and endorsements of the Policy." (Doc. 11 at 2.) Kinsale also, in its First Affirmative Defense, specifically referenced the Second Amended Complaint when it averred that "Clay's Second Amended Complaint against Yu Bar. . . does not allege a covered claim under the Policy." (*Id.*) Kinsale, however, did not raise the affirmative defenses of late notice or prejudice as it concerned the Second Amended Complaint even though it could have done so.

On April 19, 2024, the Court issued its Uniform Scheduling Order and set June 18, 2024, as the deadline by which the parties were to file any amended pleadings. (Doc. 43 at 3.) Pertinent to the current dispute, that meant that June 18, 2024, was the deadline by which Kinsale could seek leave to file an amended answer and assert any new affirmative defenses.

On October 10, 2023, Kinsale submitted its Initial Disclosures to Clay. (Doc. 80-1.) In its Initial Disclosures, Kinsale again made explicit reference to Clay's Second Amended Complaint. (*Id.* at 2.) According to Kinsale, it obtained the Second Amended Complaint from its counsel's review of the state court file, not from an official tender of the Second Amended Complaint by Yu Bar or Clay. Despite having a copy of the Second Amended Complaint and therefore knowing that the Second Amended Complaint existed and that Yu Bar and Clay had not tendered it to Kinsale prior to the entry of the Consent Judgment, Kinsale did not seek leave to file an amended answer to assert late notice or prejudice, let alone seek leave within the deadline for filing amended pleadings.

On December 20, 2024, Kinsale deposed Yu Bar's corporate representative. (Doc. 61-7; Doc. 71 at 3.) During the deposition, Yu Bar testified that Kinsale had been notified of the Second Amended Complaint's existence before the Consent Judgment was issued. In its motion, Kinsale claims that this testimony came as a surprise "as there is no evidence of it ever receiving a copy of Clay's second amended complaint or even being informed by Yu Bar or Clay that a second amended complaint was filed." (Doc. 71 at 3.) Kinsale further states that "[t]he first time Kinsale learned that a second amended complaint was filed against Yu Bar is after Clay sued Kinsale to recover payment for the consent judgment." (*Id.* (emphasis omitted).) According to Kinsale, "In light of Yu Bar's testimony, which is inconsistent with the actual evidence, Kinsale seeks leave to amend its answer and affirmative defense in order to assert two new defenses of late notice of Clay's second amended complaint and prejudice suffered by Kinsale." (*Id.* at 4.)

## Discussion

Generally, a party may amend its pleading with the Court's leave, and "[t]he [C]ourt should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007)

3

(per curiam).  But "freely giv[en]" does not mean automatically granted. Fed. R. Civ. P. 15(a)(2).  The district court "may consider several factors when deciding whether to grant a motion to amend, including undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (brackets, internal quotation marks, and citation omitted); *Loc. 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982) [hereinafter *Journeymen*] ("In [deciding whether to grant leave to amend], a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." (citation omitted)).

Rule 15 delineates a liberal leave-to-amend standard, but when a party wants to amend his complaint after the scheduling order deadline for amendments has expired, courts must apply Rule 15 in conjunction with Rule 16(b) and allow such amendments only upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4); *see Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).  Only after good cause is shown will a court "consider whether the amendment is proper under Rule 15(a)." *Sosa*, 133 F.3d at 1419 (citation omitted) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless . . . ."). And Rule16(b)'s good cause requirement cannot be met where the party exhibits unexplained tardiness, delay, or "lack of diligence in pursuing [her] claim." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241, 1243 (11th Cir. 2009); *see Sosa*, 133 F.3d at 1419 (affirming district court's denial of leave to amend the complaint where the plaintiff lacked diligence in pursuing her case therefore she

could not show good cause to amend her complaint outside the scheduling order's amendment deadline).

Clay opposes Kinsale's motion for leave to amend its answer to add affirmative defenses for late notice and prejudice. Clay largely argues Kinsale has not shown good cause because Kinsale knew of the Second Amended Complaint in the underlying case since the beginning of this federal case and long before the June 18, 2024 deadline for filing amended pleadings; yet it did nothing. Instead, Kinsale waited another eight months before seeking leave to amend its answer through the filing of its motion on February 21, 2025. Clay further argues that Kinsale's excuse—that it seeks leave to amend now because of recently learned information—is false and is really a pretext to the real reason, which was in response to some of the opinions given by Clay's recently disclosed expert witness.

Since Kinsale's motion seeks leave to amend its answer after the expiration of the deadline to amend, Rules 15 and 16 apply. Pertinent here is Rule 16(b)'s good cause requirement. Good cause does not exist when a party has been dilatory in seeking the amendment. *See S. Grouts & Mortars, Inc.*, 575 F.3d at 1243.

Based on the record, Kinsale has not shown good cause. At the time it filed its answer, Kinsale was aware of the Complaint, Amended Complaint, Second Amended Complaint, and Consent Judgment. It was also aware that all three versions of the complaint had been filed *before* the Consent Judgment was issued by the state court, and it was aware that the Second Amended Complaint was the operative complaint on which the Consent Judgment was based. After all, Kinsale made *explicit* reference to the Second Amended Complaint in its original Answer and disclaimed there being any coverage under the Kinsale policy for Count I of the Second Amended Complaint.

Kinsale offers the excuse that it first learned that Clay was asserting coverage for the Second Amended Complaint and had tendered the Second Amended

5

Complaint during a December 2024 deposition. That assertion ignores the obvious—if Kinsale was aware of the Second Amended Complaint and the Consent Judgment when it filed its Answer in this federal court, Kinsale also certainly was aware at the same time that it had not received proper notice from Yu Bar and/or Clay of the Second Amended Complaint and was also aware of any prejudice associated with that lack of notice.

To now claim surprise is not credible. Indeed, despite having knowledge of these facts, Kinsale did not assert late notice or prejudice as affirmative defenses in its original Answer filed on October 5, 2023, nor did it timely amend its Answer before the amended pleading deadline expired on June 18, 2024. Instead, it waited another eight months.

Under these circumstances, and given the looming discovery deadline, and substantial discovery taken to date, Kinsale's motion comes too late. It is therefore due to be denied. *See id.* at 1241, 1243; *Journeymen*, 684 F.2d at 724; *A.W. ex rel. R.W. v. Jefferson Cnty. Bd. of Educ.*, No. CV-06-BE-1818-S, 2007 WL 9711323, at *1 (N.D. Ala. Sept. 11, 2007) (finding that plaintiff's five-month delay in requesting leave to amend after being on notice of pertinent information relevant to the party's desire to amend flouted the court's scheduling order and fell outside the standards of good cause and due diligence); *Matthews, Wilson & Matthews, Inc. v. Cap. City Bank*, No. CV 306-095, 2007 WL 9711064, at *2 (S.D. Ga. Apr. 17, 2007) ("Plaintiffs' motion to amend their complaint is clearly untimely, as it was filed just [five] days before the second-extended discovery deadline, and it is the product of undue delay.").

While the Court denies Kinsale's motion which seeks to add two affirmative defenses, the Court notes that Kinsale in its Answer did explicitly invoke the "terms, conditions, exclusions, definitions, and endorsements of the policy." (Doc. 11 at 2.) While this language is vague and nonspecific, it is no more vague than Clay's

6

Complaint which makes no effort to allege how the Kinsale policy covers the Consent Judgment. As such, this Order should not be construed as foreclosing any later arguments based on the terms, conditions, exclusion, definitions and endorsements on the Kinsale policy. The Court will reserve considering the policy language for another day if properly brought before the Court.

## CONCLUSION

Accordingly, for the reasons stated herein and for good cause, Kinsale Insurance Company's *Amended Motion for Leave to Amend Its Answer and Affirmative Defenses* (doc. 71) is due to be and is hereby **DENIED**.

**DONE** and **ORDERED** on this the 11th day of April 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE