IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:23-cv-00565-RAH |
| ) | [WO] |
| KINSALE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Before the Court is Defendant Kinsale Insurance Company's *Motion to Be Excused From Bond Posting Requirement* (doc. 77) filed on February 25, 2025. The motion is fully briefed and ripe for decision. The Court grants the motion in part.

This is a direct action brought by Plaintiff Steven Clay against Kinsale Insurance Company to obtain indemnity/benefits under a surplus lines commercial liability insurance policy issued by Kinsale to The Yu Bar and Grill, Inc. ("Yu Bar"). Clay recently disclosed an expert witness who intends to give opinions critical of Kinsale. One opinion that the expert intends to offer is that Kinsale failed to include the statutorily required surplus lines disclosure language in the insurance policy issued to Yu Bar. From that noncompliance issue, Clay extrapolates arguments that are directed toward Kinsale's policy-based defenses, such as the assault and battery exclusion, which Clay says Kinsale cannot assert due to the noncompliance issue. Clay also argues that Kinsale should be required to post a bond as required by Alabama Code § 27-10-53. Kinsale argues that it is a surplus lines carrier; it has complied with Alabama law; and if the Court concludes that Kinsale has not

complied with its statutory obligations, then the Court in its discretion should waive the bond requirement.

Given the current dispute, the Court sees no need to make a determinative finding as to whether Kinsale has complied with the surplus lines laws in Alabama. First, Clay has not filed a motion to strike Kinsale's defenses, so the issue is not properly before the Court. If Clay believes Kinsale's policy defenses are negated by Kinsale's alleged noncompliance with Alabama law, Clay should file a motion to that effect. But he has not done so.

Second, the Court is satisfied that Kinsale is a financially sound company with sufficient and available funds and securities to satisfy any final judgment which may be entered. Kinsale has even confirmed on the record that if a final judgment is issued against it in this action, it will pay the judgment without requiring an action to be brought on such judgment in the states where such funds or securities are located. In particular, the Court notes that Kinsale is an A-rated insurance company, and that rating is based on Kinsale's profitability, leverage and liquidity, as well as its book of business, the adequacy and soundness of its reinsurance, the quality and market value of its assets, and the adequacy of its loss and loss expense reserves, the adequacy of its surplus, its capital structure, the experience and competence of its management, and its market presence. Further, Kinsale maintains a license in good standing, operates on an excess and surplus lines basis in all 50 states, and its parent company is a publicly traded company with over $4.8 billion in total assets. As such, the Court exercises its discretion, as afforded under Alabama Code § 27-10-53(a)(2), and dispenses with the requirement by Kinsale to post a bond.

Accordingly, Kinsale's *Motion to Be Excused From Bond Posting Requirement* (Doc. 77) is due to be and is hereby **GRANTED**, and Clay's objection is **OVERRULED**. Kinsale is exempted from having to post a bond in this case.

**DONE** and **ORDERED** on this the 11th day of April 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE